SWING *v.* WESTON LUMBER CO.

FOREIGN CORPORATIONS — NONCOMPLIANCE WITH STATE LAW — RIGHT TO DO BUSINESS—INSURANCE.

A foreign mutual insurance company, which has not been authorized to do business in this State as provided by statute (§ 5157, 2 Comp. Laws), cannot maintain a suit to collect assessments due on a policy issued by one of its agents in another State on request of an insurance broker of this State who was unable to place the whole line in his own authorized companies. Section 10467, 3 Comp. Laws.

Error to Schoolcraft; Steere, J. Submitted April 5, 1905. (Docket No. 14.) Decided June 6, 1905.

Assumpsit by James B. Swing, trustee for the creditors and policy holders of the Union Mutual Fire-Insurance Company of Cincinnati, Ohio (dissolved), against the Weston Lumber Company for an assessment. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Virgil I. Hixson* and *Patterson A. Reece,* for appellant.

*C. W. Dunton,* for appellee.

McALVAY, J.    The plaintiff, trustee of the Union Mutual Fire-Insurance Company of Cincinnati (dissolved), brought an action against the defendant, a Michigan corporation, for the amount of an assessment, in accordance with a decree of the Supreme Court of Ohio in winding up said insolvent insurance company. The said Union Mutual Fire-Insurance Company was duly organized under the laws of the State of Ohio, and was never licensed to do business in Michigan. The defendant is a Michigan corporation, and the insurance was upon defendant's lumber and other property at Manistique, in this State, under a policy dated August 30, 1889, and a renewal thereof, and was carried until December 19, 1890, for the sum of $5,000. The amount of the assessment sued for was the sum of $537.48. The substantial defense set up under the plea was that the said insurance company was a foreign corporation not authorized to transact business in the State of Michigan, and that the insurance policies were issued in direct violation of the laws of Michigan—said insurance company not having complied with the statutes of this State relative to foreign insurance companies doing business therein —and that said contracts of insurance were at variance with and contrary to the settled policy of this State.

The case was tried before the court without a jury, and, written findings of fact and conclusions of law having been requested, the same were made and filed as follows:

## "FACTS.

"Plaintiff sues as trustee for the creditors and policy holders of the Union Mutual Fire-Insurance Company of Cincinnati, Ohio, seeking to collect from defendant, which was a former policy holder in said company, its share of assessment made by the order of the supreme court of Ohio to liquidate said insurance company's liabilities.

"The Weston Lumber Company, defendant herein, is, and was during all the time covered by the transactions under consideration, a Michigan corporation, located at Manistique, where it has a sawmill, and was engaged in

logging in that vicinity, and manufacturing lumber at its mill.

"In the latter part of the summer of 1889 defendant desired to increase the amount of insurance carried upon lumber accumulated in its yards, and made application to a local agency conducted by a banking institution of the town for a considerable addition to the line of its insurance already held in that agency. Not being able to write in one risk in its own companies the amount of additional insurance desired, the local agency, through W. C. Marsh, an employé of the bank, who attended to its insurance business, placed twelve different policies with outside agencies. Part of this line of insurance was sent to George R. Lewis & Co., an agency of Minneapolis, Minnesota, through which concern the $5,000 insurance involved in this case was placed with the said Union Mutual Fire-Insurance Company of Cincinnati, Ohio.

"This insurance was written August 30, 1889, and was carried until December 19, 1890, when the policy was returned to the plaintiff, and canceled by him, shortly after he took charge as trustee.

"Aside from this transaction, there is no evidence that the said insurance company in any manner solicited or issued insurance within this State, or did any act in connection with such business which is in violation of the statutes of Michigan.

"It appears undisputed in this case that the Union Mutual Fire-Insurance Company of Cincinnati, Ohio, was a mutual fire-insurance company, incorporated under the laws of Ohio, May 27, 1887, and was doing business as such during the years 1889 and 1890. It also appears that the laws of the State of Ohio in force during the years 1888, 1889, and 1890 pertaining to mutual fire-insurance companies were as set out in plaintiff's declaration in this case.

"It is shown by the undisputed testimony in this case that the supreme court of the State of Ohio made a decree of assessment against the policy holders of the fire-insurance company, of which this plaintiff is the trustee for the creditors, and that such decree is still in force and effect, defining the liability and percentages of assessments for the respective periods of time during which unpaid liabilities of said insurance company were incurred.

"According to such decree, defendant's proportion of said assessment, in order to pay its just proportion of the un-

paid losses and expenses incurred by said insurance company during the time defendant held its policy, amounts to $537.48.

" It is stipulated by counsel for the respective parties in this case, with the same force and effect and validity as if the same had been established on the trial of the case by competent evidence, that the said Union Mutual Fire-Insurance Company of Cincinnati, Ohio, is a corporation organized under the laws of the State of Ohio, and that said insurance company has never complied with any of the requirements of the several statutes of the State of Michigan obligated upon insurance companies of other States seeking to transact business in the State of Michigan.

" The files, records, and exhibits in this case are hereby made a part of these findings.

### " CONCLUSIONS OF LAW.

" There is no evidence in this case to establish the claim that this action is barred by the statute of limitations.

" The decree of assessment made by the supreme court of Ohio would be binding upon the defendant, and conclusive in this case, notwithstanding the fact that the defendant was not served with summons in this action, provided recovery be not barred for other reasons.

" Whether or not the witness Marsh was legally the agent of defendant in securing the insurance in question would be matter for serious consideration if the case turned upon that point. He was an employé of the local insurance agency which had secured a line of insurance from the defendant. The defendant thereafter, on its part, merely applied to this agency in its home town for an increase of insurance, which the agency accepted, and proceeded to place as best it could; turning that which it could not care for itself over to other agencies.

" The selection of this particular insurance company in which to place a portion of the risk was evidently made in the usual course of business, either by the local agent at Manistique, or George R. Lewis & Co., of Minneapolis, Minnesota; and the details of the application, obtaining the policy, agreeing on the policy, etc., were worked out in the usual course of business by the insurance agency, although accepted and ratified by the defendant. But so far as the defendant was concerned, its application for insurance was made and this business was done with the

home office, at Manistique, with which it was in the habit of doing business. The conditions are not to be considered exactly the same as if this defendant had specially selected an outside insurance company in another State as the one with which it particularly desired to do business, and, having done so, had directly applied by correspondence to such company for insurance; but, for the disposition of this case, we may assume that Marsh acted as agent of defendant in securing the insurance, and so come directly to the leading contention presented, involving the validity of this contract under the laws of Michigan. It is admitted that the Union Mutual Fire-Insurance Company of Cincinnati, Ohio, never had complied with any of the requirements of the several statutes of this State obligated upon insurance companies of other States who seek to transact business in Michigan. Section 5157 of the Compiled Laws of 1897 provides:

" ' It shall be unlawful for any person or persons, as agent, solicitor, surveyor, broker, or in any other capacity, to transact or to aid in any manner, directly or indirectly, in transacting or soliciting within this State any insurance business for any person, persons, firm or copartnership, who are nonresidents of this State, or for any fire or inland navigation insurance company or association, not incorporated by the laws of this State, or to act for or in behalf of any person or persons, firm or corporation, as agent, broker or in any other capacity, to procure, or assist to procure, a fire or inland marine policy or policies of insurance on property situated in this State, for any nonresident person, persons, firm or copartnership, or in any company or association without this State, whether incorporated or not, without procuring or receiving from the commissioner of insurance the certificate of authority provided for in section 23 of an act    *    *    *.'

"And section 10467 of the Compiled Laws of 1897 provides that:

" ' When, by the laws of this State, any act is forbidden to be done by any corporation, or by any association of individuals, without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into in consideration of such act.'

"These provisions of our statute, and others of like nature, have been before our Supreme Court from time to time, and interpreted with no uncertain sound.

" A full and able discussion of the subject is found in the case of *Seamans* v. *Temple Co.*, 105 Mich. 400 (28 L. R. A. 430), and other cases there cited.  Numerous decisions along the same line are found in other States, in one of which, decided in Pennsylvania, plaintiff himself was a party.  *Swing* v. *Munson*, 191 Pa. St. 582 (58 L. R. A. 223).

" Plaintiff admits the force of these decisions, but seeks to distinguish the case at bar on the ground that the foreign insurance company he represents did not have any agent, broker, inspector, or other representative in the State of Michigan, nor solicit, directly or indirectly, this insurance or any other insurance within the State, and did not in fact transact any business within the State of Michigan in violation of its statutes.

" While we recognize some difference in the facts shown in these respective cases from those established in the case at bar, we are unable to recognize any distinction in the principles of law involved, in view of the well-settled policy of our legislature, and decisions dealing with foreign insurance companies.  We are not confronted with the question of whether or not this is a valid contract under the laws for the State of Ohio.  It may be valid in Ohio, and void in Michigan, under our statutes.  Regulating the business of insurance, even to the exclusion of foreign insurance companies from taking any risks in the State under any conditions, has been held constitutional.  While this may be held to be an Ohio contract, nevertheless we cannot escape from the fact that it was a contract to insure within the State of Michigan property of a citizen of the State, and was taking an insurance risk in this State.

" In the case of *People* v. *Howard*, 50 Mich. 248, it is said :

" ' The clearly expressed intention of that act was to entirely prevent unauthorized companies from taking any risks in this State.  This was and has been for some time the settled policy of the State, as expressed by legislation, and for the protection of the citizens of the State, and companies submitting to our laws and paying the State taxes.  The statute is intended to be prohibitory in its character.  The policy is wise, and, as such, should be enforced.'

" The conclusion of the court is that the contract of insurance under consideration is unlawful and invalid, and

there can be no recovery for any assessment upon the policies issued to defendant pursuant to such contract.

"Judgment will be entered accordingly.

"J. H. STEERE,
"Circuit Judge."

Errors are assigned upon the refusal of the court to find the facts according to certain requests of the plaintiff, and also upon the conclusions of law. The facts as found by the court are supported by the evidence disclosed in the record. It is for this court to determine whether the court erred in his conclusions of law from the facts found. We do not think he did. His conclusions of law are supported by the facts as found by him, and his decision conforms with the frequent utterances of this court as to the settled policy of this State in cases where the statutes in question have been interpreted. In the case of *Seamans* v. *Temple Co.*, 105 Mich. 400 (28 L. R. A. 430), this court, approving previous decisions, held upon the very question raised and involved in this case, as follows:

"Counsel for plaintiff contend that the insurance company has not done business in this State, but that the contract is one made in Wisconsin, to be performed there, and that it is therefore valid, and that, being so, the plaintiff may sue and recover upon it in the courts of this State, under the rule of comity between States. This rule applies to corporations as well as to natural persons. 2 How. Stat. § 8135. But the right of a foreign corporation to sue in our courts is limited—*First*, by statute (section 8136); and, *second*, by the general rule that the doctrine of State comity will not be applied in behalf of a foreign corporation seeking to recover upon a claim or contract expressly prohibited by law, or one which is clearly at variance with the settled policy of the State. *Thompson* v. *Waters*, 25 Mich. 214; *Christian Union* v. *Yount*, 101 U. S. 356. It is the policy of this State to limit the business of insurance to such corporations, domestic and foreign, as shall be authorized by the commissioner of insurance to do business after compliance with certain regulations and conditions prescribed by law.  *  *  *

"If it be conceded that the contract was made in Wisconsin, and that the premiums and loss, if any, are pay-

able there, it is as much in contravention of the policy of this State as though it had been made and was to be per-formed here. It cannot be supposed that the statutes cited were intended merely to prevent the act of making the contract in this State. The object is to protect the citizens of this State against irresponsible companies, and to prevent insurance by unauthorized companies upon property in this State. *American Insurance Co.* v. *Stoy*, 41 Mich. 401; *Hartford Fire-Ins. Co.* v. *Raymond*, 70 Mich. 501. The argument of counsel for plaintiff is substantially this:

" 'We know that the laws of Michigan are designed to prevent our insuring Michigan property, but we have done so in a way that does not contravene the letter of the Michigan statute. We have made our contract through the mail, and we have committed no violation of the Michigan statute, because we have done nothing upon Michigan soil. We have evaded your law, and obtained a contract which you have sought to prohibit, and now we ask you to enforce it for us under the doctrine of State comity.'

"Under such circumstances, the courts of the State are not open to the offending company, and the rule of State comity cannot be invoked in its behalf."

The contention in this case is the same as in the case above cited. It is true in that case the court found that within the State the insurance company had solicited the insurance, but in answer to the arguments there advanced the court very properly decided the case upon the broader ground. The reasoning in that case is adopted in the case at bar, and controls it. To hold otherwise would operate to nullify the clear intent of the legislature, to disregard former decisions of this court, and disturb the settled policy of the State.

The judgment of the circuit court is affirmed.

Carpenter, Grant, Montgomery, and Hooker, JJ., concurred.