S. H. SEAMANS, Receiver, Appellant, v. J. ZIMMERMAN.

Suit by Foreign Corporation to Recover Assessments—
Lex Fori. A foreign insurance company which has not the capital
required by Code, 1144, can not recover assessments due it from a
resident of Iowa, though the contract between insured and insurer be
made in another state by the laws of which it is valid.

Practice in Supreme Court: CERTIFICATE FOR APPEAL. Where a
certificate shows clearly what law question is to be determined,
and that unless the ruling certified be reversed, one party must win,
the appeal will not be dismissed.

*Appeal from Clayton District Court*—HON. W. A. HOYT,
Judge.

THURSDAY, MAY 24, 1894.

ACTION at law to recover the amount of certain assessments made according to the provisions of a policy of insurance. A demurrer to one of the divisions of the answer was overruled. The plaintiff elected to stand on the demurrer, and appeals. *Affirmed.*

*Geo. E. Sutherland* and *A. Chapin* for appellant.

*J. E. Corlett* for appellee.

ROBINSON, J.—The plaintiff is the receiver of the Wisconsin Mutual Fire Insurance Company, which is a corporation organized under the laws of the state of Wisconsin, having its principal place of business in Milwaukee. It never had any office or agency in this state for the transaction of any business whatever. On the twentieth day of June, 1890, the defendant made two written applications to the company at Milwaukee for insurance on certain property located at Guttenberg, in this state, where the defendant resided.

The company accepted the applications in Milwaukee on the day specified, and issued to the defendant two policies of insurance, which were accepted by him in Milwaukee. The policies stipulated that the defendant became a member of the company, and liable to pay to it certain premiums and assessments. Losses were sustained by policy holders, and assessments were made on the defendant in accordance with the terms of the policies, which are unpaid. The petition alleges that the policies are Wisconsin contracts, to be construed and enforced according to the laws of that state. The division of the answer involved in this appeal, alleges that the company has had no authority or right at any time to do business, directly or indirectly, in this state, for the reason that it has failed and neglected to comply with the law relating to insurance companies contained in chapter 4, title 9, of the Code. The demurrer was directed to that division of the answer, and alleges that the facts therein stated do not constitute any defense to the cause of action set out in the petition, as the petition shows that the company is a Wisconsin corporation, and the contracts sued on were made in that state. The effect of the ruling on the demurrer was to hold that the facts alleged in the answer constitute a defense to the claim made by the plaintiff.

I. The amount in controversy in this case is less than one hundred dollars, and the question in regard to the correctness of the ruling on the demurrer is presented to us by means of a certificate of the trial judge. The appellee moves that the appeal be dismissed, on the ground that the statement of facts is not sufficient, and on the further ground that no opinion can be given on the question of law certified which would be decisive of the case. The certificate shows clearly the question of law upon which it is desirable to have the opinion of this court, and, unless the order

of the district court in overruling the demurrer is reversed, the defendant is entitled to judgment. It is, thus, made to appear that the cause necessarily involves the determination of the question certified, within the meaning of section 3173 of the Code. The motion to dismiss is, therefore, overruled.

II.  No argument has been submitted by the appellee, but it appears that the provisions of the Code upon which the division of the answer in question is based, is that portion of section 1144 which reads as follows: "No insurance company, association, or partnership, organized or associated for any of the purposes specified in this chapter [relating to insurance companies] incorporated by, or organized under, the laws of any other state or any foreign government, shall, directly or indirectly, take risks or transact any business of insurance in this state, unless possessed of two hundred thousand dollars of actual paid up capital, exclusive of any assets of any such company deposited in any other states or territories for the special benefit or security of the insured therein." The plaintiff contends that the provision quoted does not apply to this case, for the reason that the policies in question are Wisconsin contracts. Our attention has been called to numerous cases which hold that the courts of one state will enforce a contract of insurance which would have been valid as a contract of that state, provided it be valid under the laws of the state where it was made and where it was to be performed. In *Insurance Co. v. Kinyon*, 37 N. J. Law, 33, it was held that, as a statute of New Jersey requiring agents of foreign insurance companies to comply with certain requirements in order to do business in that state did not make policies issued by foreign companies which had not complied with the statute void, comity demanded that they be recognized as valid. See, also, *Thornton v. Insurance Co.*, 31 Pa. St. 529; *Insurance Co. v. Way*, 62 N. H. 622; *Insurance Co. v. McMillen*,

24 Ohio St. 78; *Clark v. Middleton*, 19 Mo. 53; *Insurance Co. v. Walsh*, 18 Mo. 229; *Clay Fire & Marine Ins. Co. v. Huron Salt & Lumber Mfg. Co.*, 31 Mich. 354; *Western v. Ins. Co.*, 12 N. Y. 258; *Insurance Co. v. Lapsley*, 15 Gray, 262; *Voorheis v. Society* (Mich.), 51 N. W. Rep. 1109. In none of the cases cited, so far as we have observed, were the statutes construed the same in legal effect as that of this state, and in several of the cases, stress was laid upon provisions which are wanting in that statute. The prohibition of section 1144 is directed not merely to the agents as such, but to the companies themselves. They are forbidden to take any risks in this state, either directly or indirectly. The general assembly intended the prohibition to reach as far as its jurisdiction extends. The power of the legislature of a state to make contracts like those under consideration void, is not questioned. It was recognized in *Insurance Co. v. Kinyon, supra*. Comity does not require the enforcement of a contract valid where made, but in violation of the law of the state where it is sought to be enforced. The provision of the statute under consideration, was designed to protect the property owners of this state from irresponsible insurance companies, and the contracts in question belong to the class which the general assembly intended to prohibit. To hold that the company may recover the assessments would be to give it all the benefits which it ever expected to derive from the contracts and would be an evident violation of the spirit and intention of the statute. The contracts are contrary to the policy of this state as expressed in the statute, and the courts of this state will not aid the company to enforce them. Our conclusion finds support in the following authorities: *Assurance Co. v. Rosenthal*, 55 Ill. 86; *Insurance Co. v. Story*, 41 Mich. 401, 1 N. W. Rep. 877; *Insurance Co. v. Harvey*, 11 Wis. 394. The certificate of the trial judge does not show where

the policies make the assessments in question payable, but we have, for the purposes of this appeal, assumed that the policies are Wisconsin contracts, designed to be performed there. What rights, if any, the policy holder might have under such policies, we do not find it necessary to determine. See, however, *Pennypacker v. Insurance Co.*, 80 Iowa, 57, 45 N. W. Rep. 408. We conclude that the district court rightly held that the facts set out in the division of the answer assailed by demurrer constitute a defense to the action. The order overruling the demurrer is AFFIRMED.