## S. H. SEAMANS, RECEIVER OF THE WISCONSIN MUTUAL FIRE INSURANCE COMPANY, v. THE TEMPLE COMPANY.

*Fire insurance—Foreign company—State comity.*

1. The right of a foreign corporation to sue in the courts of Michigan is limited:

   *a*—By How. Stat. § 8136, which provides that when, by the laws of this State, any act is forbidden to be done by any corporation without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of or made or entered into in consideration of such act.

   *b*—By the general rule that the doctrine of state comity will not be applied in behalf of a foreign corporation seeking to recover upon a claim or contract expressly prohibited by law, or one which is clearly at variance with the settled policy of the state.

2. It is the policy of this State to limit the business of insurance to such corporations, domestic and foreign, as shall be authorized by the Commissioner of Insurance to do business after compliance with certain regulations and conditions prescribed by law, and all fire insurance companies are expressly forbidden to transact any business of insurance within this State without the requisite authority.

3. A foreign mutual fire insurance company, without having filed the prescribed statement and obtained the requisite authority to do business in this State, received applications from persons called "inspectors," who examined risks, suggested improvements, filled out and submitted applications, and recommended the same, if favorable, for the company to write, which applications and premium notes being signed by the applicant and received at the home office, a policy would be forwarded, and assessments demanded and paid, by mail. And it is held that said inspectors were agents of the company, within How. Stat. § 4331 *et seq.*, which prohibits foreign insurance companies from transacting business in this State without having first secured the requisite certificate of authority; that the whole scheme is a flagrant attempt to evade the provisions of the statute intended to restrict the insurance business; and that no action can be maintained by said company in this State upon said contracts of insurance.[1]

Error to Muskegon. (Russell, J.) Argued May 2, 1895. Decided May 21, 1895.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Turner, Turner & Turner (George E. Sutherland,* of counsel), for appellant.

*Bunker & Carpenter,* for defendant.

HOOKER, J. The plaintiff is receiver of a mutual fire insurance company, organized and doing business at Milwaukee, under a statute of Wisconsin which authorizes such companies to do business in that state and elsewhere. This company has never complied with the statutes of Michigan by filing the prescribed statement and obtaining the requisite authority to do business here. How. Stat. § 4331 *et seq.* It appears, however, that it has

[1]The question what policies of insurance constitute business within a state under statutes restricting insurance business is presented in numerous decisions collected in a note to *Cone Export & Com. Co. v. Poole,* (S. C.) 24 L. R. A. 295.

done business in most, if not all, of the states, their laws to the contrary notwithstanding; and, although its officers testify that it has had no agents, it is shown that prospective risks have been examined by persons called "inspectors," who ordinarily carried applications, and, as stated by a witness for the plaintiff, "filled them out whenever he and the applicant could agree upon the question of taking insurance;" and that "he had authority to take applications to submit to the office." The witness was asked if the company had any other agents than the inspectors, to which he answered:

"They were not agents. They merely examined risks, suggested improvements, filled out and submitted applications, and recommended the application, if favorable, for us to write."

The application and premium note being signed by the applicant and received at the home office in Wisconsin, a policy would be forwarded by mail, and assessments would be demanded and paid in the same way.

That such inspectors were agents of the company, within the statute cited, is plain, and the whole scheme is a flagrant attempt to evade the provisions of the laws of the several states which are intended to restrict the insurance business. The testimony in this case shows that the defendant company succeeded a partnership named Ames & Frost, and that insurance upon the property now owned by the defendant was obtained in the method described. The record fails to show (or, if it does, we have overlooked it) whether the defendant's policy was given by way of renewal at the expiration of the Ames & Frost policy or upon a transfer of the business to the defendant. Perhaps it is not important. For some reason a new policy was issued, the application and so-called "note" being filled out at the company's office in Milwaukee, and sent to defendant by mail, who signed and returned the same by mail. It does not appear that any inspector took part in this particular transaction. A receiver, being appointed in Wisconsin,

took charge of the affairs of the insurance company, and made an assessment upon the members, and this action is brought for such assessment.

Counsel for plaintiff contend that the insurance company has not done business in this State, but that the contract is one made in Wisconsin, to be performed there, and that it is therefore valid, and, that being so, the plaintiff may sue and recover upon it in the courts of this State under the rule of comity between states. This rule applies to corporations as well as to natural persons. How. Stat. § 8135. But the right of a foreign corporation to sue in our courts is limited—First, by statute (section 8136), and, second, by the general rule that the doctrine of state comity will not be applied in behalf of a foreign corporation seeking to recover upon a claim or contract expressly prohibited by law, or one which is clearly at variance with the settled policy of the state. *Thompson v. Waters*, 25 Mich. 214; *Christian Union v. Yount*, 101 U. S. 356. It is the policy of this State to limit the business of insurance to such corporations, domestic and foreign, as shall be authorized by the Commissioner of Insurance to do business, after compliance with certain regulations and conditions prescribed by law; and all fire insurance companies are expressly forbidden to transact any business of insurance within this State without the requisite authority. How. Stat. § 4277, applies to domestic corporations, and prescribes what shall be "their authority to commence business and issue policies." How. Stat. § 4331, applies to foreign corporations, and provides:

"That it shall not be lawful for any person or persons to act within this State, as agent or otherwise, in prosecuting or receiving applications for insurance, or in any manner to aid in transacting the business of fire or marine insurance, for any company * * * not incorporated in this State, without first procuring a certificate of authority," etc.

The section also provides:

"And no insurance company, or officer or agent or agents of any insurance company, unincorporated or incorporated in any other state, shall transact any business of insurance in this State, unless  *  *  *.  And upon the filing  *  *  *  it shall be the duty of said Secretary of State [Insurance Commissioner[1]] to issue a certificate thereof, with authority to transact business," etc.

How. Stat. § 4354, contains a still more pointed prohibition as to foreign companies, declaring it "unlawful for any person or persons, as agent, solicitor, surveyor, broker, or in any other capacity, to transact or to aid in any manner, directly or indirectly, in transacting or soliciting, within this State, business for any  *  *  *  insurance company,  *  *  *  or in any capacity to procure, or assist to procure, a fire or inland marine policy  *  *  *  on property situated in this State," without procuring the certificate of authority before provided for.  Subsequent sections provide a penalty, and a method of enforcing it.  Section 4359 imposes a penalty of $250 upon any company which shall issue or permit to be issued upon any property in this State a policy of insurance without having the authority to do so, and provides that no such company shall thereafter be authorized to do business in this State until all such penalties shall be paid.

If it be conceded that the contract was made in Wisconsin, and that the premiums and loss, if any, are payable there, it is as much in contravention of the policy of this State as though it had been made and was to be performed here.  It cannot be supposed that the statutes cited were intended merely to prevent the act of making the contract in this State.  The object is to protect the citizens of this State against irresponsible companies, and to prevent insurance by unauthorized companies upon property in this State.  *American Insurance Co. v. Stoy*, 41 Mich. 401; *Hartford Fire Insurance Co. v. Raymond*, 70 Id. 501.  The argument of counsel for plaintiff is substantially this:

---

[1] See How. Stat. § 4208.

"We know that the laws of Michigan are designed to prevent our insuring Michigan property, but we have done so in a way that does not contravene the letter of the Michigan statute.    We have made our contract through the mail, and we have committed no violation of the Michigan statute, because we have done nothing upon Michigan soil.    We have evaded your law, and obtained a contract which you have sought to prohibit, and now we ask you to enforce it for us under the doctrine of state comity."

Under such circumstances the courts of the State are not open to the offending company, and the rule of state comity cannot be invoked in its behalf.  See *Thompson v. Waters* and *Christian Union v. Yount, supra.*

Again, the statute (section 8136) has application. These statutes prohibit all insurance companies, domestic as well as foreign, from issuing policies upon property in this State without express authority.    This was an act "forbidden to be done by *any corporation* [domestic or foreign] without express authority by law," and no action can be maintained upon any contract arising out of it.    *Seamans v. Zimmerman*, 91 Iowa, 363, and cases cited.

The judgment of the circuit court will be affirmed.

The other Justices concurred.