HOSKINS *v.* ROCHESTER SAVINGS & LOAN ASSOCIATION.

133    505
p143   122
f143  ²124

133   505
f151 ² 29

1. BUILDING AND LOAN ASSOCIATIONS—EVIDENCE—MATTERS WITHIN KNOWLEDGE OF DECEASED AGENT.

A borrowing member of a building and loan association cannot testify, in a suit to cancel the mortgage, to matters which were equally within the knowledge of a deceased agent of the association.

2. SAME—FOREIGN CORPORATIONS—PLACE OF CONTRACT — USURY.

Where a loan made by a foreign building and loan association is secured by mortgage on property in Michigan, and payments are made to a local agent therein, in accordance with the original understanding of the parties, the contract is a Michigan contract, and within our usury laws. *National Mut. Bldg. & Loan Ass'n* v. *Burch*, 124 Mich. 57, approved.

3. SAME—VOID CONTRACT—ACTION.

By the express terms of 2 Comp. Laws, § 7594, a contract made by a foreign building and loan association, which has not complied with the statutory prerequisites to its right to do business in this State, is void, and no action can be maintained thereon.

4. SAME—PAYMENTS—AGENCY.

A payment to a local agent of a foreign building and loan association is a payment to the association, notwithstanding

a provision of its by-laws that he shall be deemed the agent of the member. *Wagner* v. *Supreme Lodge K. of H.,* 128 Mich. 660, followed.

Appeal from Cheboygan; Shepherd, J. Submitted April 23, 1903. (Docket No. 43.) Decided June 23, 1903.

Bill by Alexander Hoskins and Alice Hoskins against the Rochester Savings & Loan Association to obtain the cancellation of certain mortgages. From a decree for complainants, defendant appeals. Affirmed.

*Frost & Sprague,* for complainants.

*Thomas & Neary* and *Ralph L. Aldrich,* for defendant.

GRANT, J. The defendant is a corporation organized under the laws of the State of New York, and having its home office at Rochester, in that State. While doing business in this State, and on January 31, 1895, complainant Alexander Hoskins made application to it for a loan of $300, to be secured by bond and mortgage on the real estate therein described. The application was passed upon and approved by the local board, the land and title thereto examined by one Dozer, defendant's local agent at Cheboygan, the papers forwarded to the home office, and subsequently, on February 18, 1895, a bond and mortgage collateral thereto were executed by the complainant and his wife, Alice. A certificate for three shares of stock of the company was also issued to Mr. Hoskins, and immediately assigned to the defendant as additional security for the loan. On November 12, 1895, complainant Alice Hoskins made a like application for a loan of $500, and papers exactly similar, except in the names and amounts, were executed. The mortgages and bonds provided for monthly payments, known as "interest," "premiums," and "principal," for 72 months, which 72 payments were supposed to pay the mortgage and mature the stock. Complainants made these 72 payments, and asked releases of their mortgages. The defendant refused, claiming between two and

three hundred dollars to be still due upon the mortgages, and that the stock had not matured.   Complainants then filed their bill in equity to declare the mortgages paid and to have them canceled.   Defendant answered, denying full payment, and asking foreclosure for the balance due. Proofs were taken in open court.   Decree was entered for complainants.   The court found that the mortgages had been paid; that the contracts were usurious; that they were Michigan, and not New York, contracts; and that Mr. Dozer, its agent, and others to whom payments were made after his death, were the agents of the defendant.

Complainants claim that representations were made to them by defendant's agent Dozer similar to those made in *Sawyer* v. *Building Ass'n*, 103 Mich. 228 (61 N. W. 521).   The agent Dozer had died before the hearing.   The court held that Mr. Hoskins could not testify to matters equally within the knowledge of the deceased agent.   In this we concur.

The court held that the contracts were usurious, and that they had been fully paid.   If they were regarded as loans, it seems to be conceded the complainants have fully paid both principal and interest.   This case is ruled by *National Mut. Bldg. & Loan Ass'n* v. *Burch*, 124 Mich. 57 (82 N. W. 837, 83 Am. St. Rep. 311).   The learned circuit judge, in his opinion, said: "The statement of facts in that case and this are so nearly alike that they might almost be used interchangeably." In this we concur.   It is therefore unnecessary to make a full statement of the facts, as all the questions but one are fully covered by that decision.   The learned counsel for defendant have furnished an able brief on the questions involved, and have made a thorough examination of the authorities.   We, however, held in *National Mut. Bldg. & Loan Ass'n* v. *Burch, supra*, that such contracts are Michigan, and not foreign, contracts, and the brief has failed to convince us that we should overrule that case.

The legislature of 1895 passed an act which was approved June 4, 1895, and took effect the following Sep-

tember.   Act No. 269, Pub. Acts 1895.   The defendant did not comply with the provisions of that act, and thereupon substantially ceased to do business in this State.   The contract of complainant Alice Hoskins was made after that act took effect.   It was therefore void.   2 Comp. Laws, § 7594.   And no action can be maintained upon such a contract.   3 Comp. Laws, § 10467; *Seamans* v. *Temple Co.*, 105 Mich. 400 (63 N. W. 408, 28 L. R. A. 430, 55 Am. St. Rep. 457).

That payments to Mr. Dozer and defendant's other agents at Cheboygan were payments to the defendant, is established by *Wagner* v. *Supreme Lodge K. of H.*, 128 Mich. 660 (87 N. W. 903).

Decree is affirmed, with costs.

The other Justices concurred.