(106 N. W. 41.)

---

GEORGE WALKER v. C. J. REIN.

Opinion filed December 12, 1905.

**Where the Evidence Shows No Cause of Action Upon the Grounds the Complaint Seeks to Base One, It Is Unnecessary to Pass Upon the Technical Sufficiency of Such Complaint.**

1. Where the evidence offered by the plaintiff shows affirmatively and conclusively that the plaintiff has in fact no cause of action upon the claim which the complaint attempts to allege as a ground of recovery, it is unnecessary to pass upon the technical sufficiency of the complaint.

**Foreign Insurance Company Cannot Recover Upon a Contract Forbidden to a Domestic Corporation.**

2. A foreign insurance corporation, although licensed to do business in this state, will not be permitted to recover on a contract of insurance

made with a resident of this state upon property located here, if the contract is one which domestic corporations are forbidden to make.

**Same.**

3. The same rule applies, even though the contract was actually made in another state, where such contract is not forbidden.

**Same — Rule of Comity — Rights of an Assignee of a Forbidden Cause of Action.**

4. The rule of comity expressed by section 5756, Rev. Codes 1899, bars not only the assertion by the foreign corporation itself of a cause of action or defense which a domestic corporation is forbidden to assert without express authority, but also bars the assignee of the foreign corporation.

Appeal from District Court, Barnes county; *Burke, J.*

Action by George Walker against C. J. Rein. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Pierce & Tenneson,* for appellant.

A contract for insurance consummated in Minnesota is a Minnesota contract, although the assured and risk are in North Dakota. Seamans v. Knapp, Scott & Co., 89 Wis. 171, 61 N. W. 757; Whiston v. Stodder, 13 Am. Dec. 281; Hyde v. Goodnow, 3 N. Y. 266; Scudder v. Union Nat. Bank, 91 U. S. 406, 23 L. Ed. 245.

The place of mailing the policy is the place of the contract. Ford v. Buckeye State Ins. Co., 99 Am. Dec. 663.

Certificate of the commissioner to a foreign company to do business in this state is conclusive that such company has complied with the law. Citizens' Nat. Bank v. Great Western Elevator Co., 82 N. W. 186; McGuire v. Rapid City, 43 N. W. 706; State v. Carey, 2 N. D. 36, 49 N. W. 164; Dwelling House Ins. Co. v. Wilder, 20 Pac. 265; 13 Am. & Eng. Enc. Law, 903; Gurzill v. Pennie et al., 95 Cal. 598, 30 Pac. 836; Am. Ins. Co. v. Smith, 19 Mo. App. 627.

The action of directors is presumptive evidence of the validity of the assessment. Demmings v. Knights of Pythias, 30 N. E. 572, 131 N. Y. 527; Hardin et al. v. Iowa Ry. & Const. Co. et al., 43 N. W. 543.

Acceptance of a report of directors recommending an assessment is sufficient authority to assess. Citizens' Mutual, etc., Co. v. Sortwell, 92 Mass. 110.

Refusal of a witness outside of a state, not a party to the action, to attach to a deposition an original document, makes a copy admissible. Fisher v. Greene, 95 Ill. 94; Thom v. Wilson, 27 Ind. 370; L'Herbette v. Pittsfield Nat. Bank, 162 Mass. 137, 38 N. E. 368; 9 Am. & Eng. Enc. Law, 338; Burton v. Briggs, 20 Wall. 125; Hagaman v. Gillis, 68 N. W. 192; Abb. Trial Evidence, 23.

*Lee Combs,* for respondent.

A foreign insurance company can do business in this state only by a compliance with its laws. Thompson on Corporations, 7886; Clark v. Main Shore R. R. Co., 81 Me. 477; Attorney General v. Bay State Min. Co., 99 Mass. 148.

A state has same power over a foreign as a domestic corporation operating within it. N. Y. Life Ins. Co. v. Cravens, 178 U. S. 389; Montgomery v. Whitbeck, 12 N. D. 385; 96 N. W. 327.

While comity allows a foreign corporation to act in another state, it must comply with its distinctly marked policy. Clarke v. Central R. & Banking Co., 50 Fed. 338; Runyan v. Coster et al., 14 Pet. 122, 10 L. Ed. 382; McDonough et al v. Murdoch et al., 15 How. 367, 14 L. Ed. 732; Marshall v. B. & O. Railroad Co., 16 How. 313, 14 L. Ed. 953; Story on Conflict of Law, 203; Myer v. Manhattan Bank, 20 Ohio, 302.

A foreign corporation cannot exercise powers within a state that are forbidden to corporations of like character formed within its boundary. U. S. Mtge, Co. v. Gross et al., 93 Ill. 483; Carroll v. City of East St. Louis, 67 Ill. 568; State v. Cooke, 71 S. W. 829; Clark and Marshall on Private Corporations, section 838, p. 2686; Clark v. Central R. & Banking Co., 50 Fed. 338; People v. Howard, 50 Mich. 239; U. S. Mtge. Co. v. Gross et al., 93 Ill. 483; Stevens v. Pratt, 101 Ill. 206; Fowler v. Bell, 90 Tex. 150; Falls v. U. S. Sav. Loan & Bldg. Assn., 97 Ala. 417; White et al. v. Howard et al., 46 N. Y. 144; Cook on Corporations, 696; Toomen v. Supreme Lodge K. P., 74 Mo. App. 507.

In an action to collect an assessment, the complaint must aver a proper assessment and state how much was ordered, so as to make it conform to the charter and by-laws, or the general act under which the corporation was organized. Montgomery v. Harker, 9 N. D. 527, 84 N. W. 369; Atlantic Mut. Fire Ins. Co. v. Young, 75 Am. Dec. 200; Penn. & O. Canal Co. v. Webb, 9 Ohio, 136; M. C. & L. M. Ry. Co. v. Hall, 26 Ohio Stat. 310; Devendorf v.

Beardsley, 23 Barb. 656; Bibbart v. Junction Ry. Co., 12 Ind. 484; Hashagen v. Hanlove, 42 Ind. 330; Am. Mut. Aid Assn. v. Hilborn, 8 Ky. Law Rep. 627; Atlantic Mut. Ins. Co. v. Fitzpatrick, 2 Gray, 279; Embree v. Shideler, 36 Ind. 423; Pacific Mut. Ins. Co. v. Guse, 49 Mo. 329; Reliance Mut. Ins. Co. v. Sawyer, 160 Mass. 413, 36 N. E. 59; Cin. Mut. Ins. Co. v. Rosenthal, 35 Ill. 85.

ENGERUD, J.   This is an appeal by plaintiff from a judgment of dismissal on the merits entered in the district court pursuant to a directed verdict.   The plaintiff sues as assignee of an alleged cause of action which was originally held by the Mankato Mutual Hail & Cyclone Insurance Company.   It is clear from the record that the action is brought to enforce defendant's alleged liability for an assessment levied upon him by said company, of which the defendant was a member.   Holding, as we do, that the evidence offered by the plaintiff shows affirmatively that the plaintiff has, in fact, no cause of action, it is unnecessary to discuss the sufficiency of the complaint or the propriety of the procedure on the trial.   If the evidence offered had been admitted, a judgment of dismissal on the merits would have resulted.   Consequently, even if that result was reached in an irregular manner, no prejudice resulted to the appellant.

The company was a mutual insurance corporation, and its only income with which to pay expenses and losses each year was derived from assessments to be levied annually upon its policy holders, not exceeding 5 per cent of the risks.   It did not collect a fixed premium in cash or not payable absolutely at the time of issuing the policy.   Its practice was, and so its by-laws provided, that policies were issued in consideration only of the promise of the insured to pay the annual assessment. ' The provisions of section 3108, Rev. Codes 1899, were wholly disregarded.   This defendant signed a written application to the company for a policy insuring certain of his crops in the sum of $1,000 against loss by hail during the season of 1902.   The application was in substantially the same farm as that involved in the case of Montgomery v. Whitbeck, 12 N. D. 385, 96 N. W. 327, and there was attached thereto a so-called premium note in the same form as that referred to in that case.   In short, the evidence offered disclosed that this company was doing business on precisely the same plan as that condemned by this court in Montgomery v. Whitbeck, supra, in which it was held that a contract of insurance with a mutual insurance company

which violated the provisions of section 3108 was void, and the assessment could not be recovered.

Appellant contends, however, that the decision in Montgomery v. Whitbeck is not decisive of or applicable to this case, because the contract here involved was made and entered into in Minnesota with a corporation of that state. The Mankato Mutual Hail & Cyclone Insurance Company was organized under the laws of Minnesota, and its home office was at Winnebago City, in that state. It had been authorized by the commissioner of insurance to do business in this state in 1902, and had agents here authorized to solicit insurance. These agents procured applications for insurance, and these applications were forwarded to the home office of the company for approval. When the application was approved, a policy was issued at the home office, and forwarded to the insured. It appears that more than $2,000,000 of insurance had been written by the company in this state during 1902. The defendant was a resident of this state, and his application was made here, through the company's local agent; and the property insured was also in this state, but the application was accepted and the policy issued in Minnesota. We shall assume, for the purposes of this case, that the contract is a Minnesota contract, and is not forbidden in that state, and that section 3108 does not directly and ex proprio vigore apply to foreign corporations. As to the truth of these assumed propositions, we express no opinion, because we are clear that they are of no avail to the plaintiff in this case.

Section 5756, Rev. Codes 1899, provides: "A corporation created by or under the laws of any other state, territory or country, or of the United States may prosecute or defend an action or proceeding in the courts of this state in the same manner as corporations created under the laws of this state, except as otherwise specifically prescribed by law. But such foreign corporation cannot maintain any action founded upon an act or upon any liability or obligation, express or implied, arising out of or made or entered into in consideration of any act which the laws of this state forbid a corporation or any association of individuals to do without express authority of law." This provision of our Code of Civil Procedure is merely a recognition of that well-established principle of the law of nations, which requires the courts of one sovereignty to so far recognize the laws of another as to enforce and protect rights acquired under the laws of that other state or country, provided the right so acquired is neither injurious to the public rights, nor offen-

sive to the morals, nor contravenes the public policy or positive law of the country in whose courts it is asserted and sought to be enforced or protected. Thompson v. Waters, 25 Mich. 214, 12 Am. Rep. 243; 2 Kent's Commentaries, p. 458.

It is only by comity, express or implied, that a foreign corporation receives recognition in the courts of any state other than that to whose laws it owes its existence. A corporation is a mere creature of the law; and inasmuch as laws have no force beyond the limits of the territory over which the lawmaking power has jurisdiction, it necessarily follows that when a corporation extends its operations into another state than that by force of whose laws it exists, it can demand recognition only on the principles of comity, and not as a matter of strict right. As said by Judge Story: "Every independent community will and ought to judge for itself how far that comity ought to extend. The reasonable limitation is that it shall not suffer prejudice by its comity." Story on Conflict of Laws, section 244, p. 371. This well established rule has been recognized and applied in numberless cases, and its application is well illustrated by the following: Bank v. Earl, 13 Pet. 519; 10 L. Ed. 274; N. Y. Life Insurance Co. v. Cravens, 178 U. S. 389, 20 Sup. Ct. 962, 44 L. Ed. 1116; Attorney General v. Mining Co., 99 Mass. 148, 96 Am. Dec. 717; People v. Formosa, 131 N. Y. 479, 30 N. E. 492, 27 Am. St. Rep. 612; Stanhilber v. Insurance Co., 76 Wis. 285, 45 N. W. 221; Rose v. Kimberly & Clark Co., 89 Wis. 545, 62 N. W. 526, 27 L. R. A. 556, 46 Am. St. Rep. 855; Seamans v. Temple Co., 105 Mich. 400, 63 N. W. 408, 28 L. R. A. 430, 55 Am. St. Rep. 457; Seamans v. Zimmerman, 91 Iowa, 363, 59 N. W. 90; People v. Hanke, 155 Ill. 617, 40 N. E. 839, 28 L. R. A. 568.

The rule expressed by section 5756 is an expression of that rule of interstate comity above mentioned, as applied to foreign corporations; and is a rule which the courts of this state would apply even if it had not been expressly declared by the legislature. The contract which the plaintiff is seeking to enforce is one which the laws of this state prohibit on grounds of public policy, because it is likely to result in injury to our citizens. It is no less injurious or repugnant to public policy because made by a foreign corporation outside of the limits of our state. It was one which affected a citizen of and property within a state. This foreign insurance company was licensed to insure the property of residents of this state, and it received that license as matter of grace. It cannot abuse that

privilege by making contracts which the legislature, in order to protect our citizens, has forbidden domestic corporations to make. It cannot plead its foreign domicile as a ground for immunity from our laws and at the same time invoke the aid of our courts on the ground of comity to enforce a contract which is contrary to the policy of our laws. Comity cannot be thus extended to the injury of our own citizens and so as to discriminate in favor of foreign corporations, to the disadvantage of domestic corporations of like character. Section 5756 forbids such a misapplication of interstate comity.

The plaintiff is in no better position than his assignor. The statute is not a mere denial of the capacity of the foreign corporation to sue, but it is a complete bar to the assertion of a cause of action or defense which a domestic corporation or association would not be permitted to assert without express authority. It is needless to say that this contract is not one involving interstate commerce, and the plaintiff cannot invoke the federal constitution or laws on that subject. New York Life Insurance Co. v. Cravens, 178 U. S. 389, 20 Sup. Ct. 962, 44 L. Ed. 1116.

The judgment is affirmed. All concur.