[Civil No. 3327. Filed February 12, 1934.]

[29 Pac. (2d) 137.]

WESTERN LOAN & BUILDING COMPANY, a Corporation, Plaintiff and Appellant, v. ELIAS MORRIS & SONS COMPANY, a Corporation, WILLIAM MIENITZ, Sole Trader Doing Business as WESTERN IRON & BRONZE WORKS, PICKETT LUMBER COMPANY, a Corporation, WILLIAM LINDSTROM, MORRISON-MERRILL COMPANY, a Corporation, EDWARD O. ANDERSON and LORENZO S. YOUNG, Copartners Doing Business Under the Firm Name and Style of ANDERSON & YOUNG, CEDAR LUMBER & HARDWARE COMPANY, a Corporation, H. J. McKEAN, INC., a Corporation, and CRANE COMPANY, a Corporation (ARIZONA STRIP HOTEL CORPORATION, a Corporation, RELF HOTEL CORPORATION, a Corporation, and LOUIS A. ROSER, Defendants), Defendants and Appellants.

Mr. Louis L. Wallace, Mr. Carl D. Hammond, Messrs. Ingebretsen, Ray & Rawlins and Mr. J. M. Christensen, for Plaintiff-Appellant.

Mr. Carl G. Krook, for Defendants-Appellants, except Arizona Strip Hotel Corporation, Relf Hotel Corporation and Louis A. Roser.

ROSS, C. J.—The court below, of its own motion, dismissed the action on the ground that it had no jurisdiction because the plaintiff, a foreign corporation, had not complied with the statutory requirements to entitle it to sue in the Arizona courts. The plaintiff, the defendants and the cross-complainants have all appealed, except the Arizona Strip Hotel Corporation, Relf Hotel Corporation, and Louis A. Roser. We have the unusual situation of an appeal without an adversary.

On the face of the complaint these facts are shown: That the plaintiff, Western Loan & Building Company, is a Utah corporation; that defendant Arizona Strip Hotel Corporation and the other six defendant corporations are also Utah corporations, the other defendants being individuals or partnerships and all residents of Utah; that on the thirtieth day of June, 1931, the defendant Arizona Strip Hotel Corporation, in Salt Lake City, Utah, executed and delivered to plaintiff its demand promissory note for $50,000 payable at plaintiff's office in Salt Lake City, Utah, and at the same time and place to secure the note gave

plaintiff a mortgage on its realty and improvements thereon situated in Mohave county, Arizona, and later on September 1, 1931, gave plaintiff as additional security a chattel mortgage on all of defendant's personal property located on such realty and in the improvements thereon; that the note and mortgages are past due; and that plaintiff seeks a judgment for the amount of the note and the foreclosure of the mortgages.

That the plaintiff in its second, third and fourth causes of action seeks to foreclose mechanics' liens against the mortgaged premises, which grew out of contracts entered into in Utah, as the assignee of such mechanics' liens.

The complaint does not affirmatively show that plaintiff had complied with the provisions of section 657 of the Revised Code of 1928 requiring a foreign corporation, ''before entering upon, doing, or transacting any business, enterprise, or occupation, in this state,'' to file its articles with the corporation commission, to have them published, to appoint an agent, and to pay its license fee to do business. The answering defendants and cross-complainants did not allege a noncompliance by the plaintiff with said section and did not question the court's jurisdiction of the parties or the subject matter.

The court evidently was of the opinion that a complaint by a foreign corporation was fatally defective unless it showed that the plaintiff had first qualified under section 657, *supra,* and obtained a license to do business. In this it was in error. Our statutes do not prohibit an unlicensed foreign corporation from suing in the courts of the state. The prohibition is against its engaging in business before qualifying and the penalty for doing so is to make its acts void. Section 658, Rev. Code 1928. It was not necessary to allege in the complaint a compliance with the qualifying statute. The rule is very well

stated in *State* v. *Robb-Lawrence Co.*, 15 N. D. 55, 106 N. W. 406, 409, as follows:

"The presumption is in favor of their right to do business, because it is always presumed that persons will obey the law. He who asserts that there is illegality in a transaction, fair on its face, must plead and prove it. 1 Chitty, Pl. 220, 221. By reason of this general presumption in favor of legality it has been very generally held that a complaint, in an action by a foreign corporation, is not subject to demurrer for failing to allege compliance with conditions precedent to its right to do business or maintain suits. *Acme, etc.*, v. *Rochford*, 10 S. D. 203, 72 N. W. 466, 66 Am. St. Rep. 714; *American Ins. Co.* v. *Smith*, 73 Mo. 368; *Cassaday* v. *American, etc.*, 72 Ind. 95; *Nelms* v. *Edinburgh*, 92 Ala. 157, 9 So. 141. We know of no good reason why that presumption does not continue as in other cases until overcome by proof. If the illegality of the contract sued on or the absence of the right to sue does not appear on the face of the complaint, the facts showing the illegality or absence of right to sue must be pleaded as a defense."

The transactions pleaded as the cause or causes of action do not show that the plaintiff corporation or its assigns were engaged in an enterprise of some permanence and durability, or that any substantial part of their ordinary business was transacted in the state, which we have decided must appear before acts of a foreign corporation, are void. "Merely a single act" is not illegal. *Monaghan & Murphy Bank* v. *Davis*, 27 Ariz. 532, 234 Pac. 818, 819; *McKee* v. *Stewart Land & Livestock Co.*, 28 Ariz. 511, 238 Pac. 326. In the former case we said:

"The question of whether the taking of security on property within the state, by a foreign corporation, for money loaned outside the state, is a violation of statutes of the character of ours has been frequently discussed by the courts. The general rule is that the act of giving the mortgage is a mere incident to the transaction, and is not within the stat-

ute; the place of the creation of the indebtedness being the real test.''

If any of the causes of action sued on grew out of transactions made void under the statute for a failure on the part of the plaintiff or its assigns to comply with section 657, *supra,* it is a matter of defense to be pleaded and proved. 14a C. J. 1358, § 4069.

The order and judgment of dismissal is reversed and the case remanded, with directions to reinstate it and proceed in accordance with this opinion.

LOCKWOOD and McALISTER, JJ., concur.