COIT & COMPANY v. ELI R. SUTTON.

*Constitutional law—Taxation of corporations — Interstate commerce.*

Act No. 79, Laws of 1893, which requires every foreign corporation or association permitted after the passage of said act to transact business in this State, which had not, prior to the passage of said act, filed or recorded its articles of association under the laws of this State, and been thereby authorized to do business therein, to pay a designated franchise fee, and voids all contracts made in this State after January 1, 1894,

by any foreign corporation not complying with said act, does not apply to foreign corporations whose business within this State consists merely of selling through itinerant agents, and delivering, commodities manufactured outside of this State.[1]

Error to Wayne. (Hosmer, J.) Submitted on briefs June 21, 1894. Decided October 16, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*R. B. Wilkinson,* for appellant.

*Bowen, Douglas & Whiting,* for plaintiff.

HOOKER, J. The plaintiff, a corporation of the state of

---

[1] See *Moline Plow Co. v. State Treasurer,* 62 N. W. Rep. 1119 (— Mich. —), where the relator, an Illinois corporation, after the act of 1893 had taken effect, forwarded to the Secretary of State a copy of its articles of association, together with the franchise fee required by said act, which it paid under protest, and, upon the refusal of the State Treasurer to refund the money, applied for a *mandamus* to compel such action on his part, claiming to be doing business in this State through itinerant agents, whose duty it was to solicit orders and sell goods manufactured in Illinois, and that the act of 1893 is in conflict with the provision of the Constitution of the United States regulating interstate commerce, as held in the case of *Coit & Co. v. Sutton.* And it was held that the validity of the act of 1893 was not questioned in that case; that said act was held not to apply to the facts there stated; that the plaintiff there was simply selling goods within this State manufactured by a foreign corporation, and was not asking to have its articles of incorporation filed within this State; that in the case at bar the relator not only sold its products through itinerant agents, but came within this State, asking to have its articles of association filed here, and that it might be put on the same footing with our own home corporations; that the act of 1893 gives the foreign corporation the same privileges as domestic ones, but provides that it must comply with its provisions by paying the franchise fee which a domestic corporation must pay; that the relator had had its articles of incorporation filed here, had paid the franchise fee provided by the act, and was not entitled to have said moneys refunded.

Illinois, recovered a judgment in the Wayne county circuit court, from which the defendant appeals.

The findings of fact show that plaintiff was engaged in the business of shipping from Illinois goods manufactured in that state, to its customers in Michigan, on orders given it by mail, or taken by its agents in Michigan; that on January 23, 1894, the plaintiff, through its duly-authorized agent, entered into a written contract with the defendant, in the city of Detroit, Mich., for the sale to him of a quantity of white lead at a specified price, to be paid for upon delivery; that on January 27, 1894, delivery of the lead was tendered at Detroit; and that the defendant refused to receive the lead, claiming the contract to be void. At the time of making such tender the plaintiff had not filed articles of association in this State, and had not paid to the Secretary of State a franchise fee, as provided by Act No. 79, Laws of 1893.

Counsel for plaintiff seek to avoid the effect of said act, contending that it is in conflict with the provision of the Federal Constitution that "Congress shall have power to regulate commerce among the several states." Article 1, § 8. The defendant relies upon the familiar rule that states may impose conditions upon the right of foreign corporations to do business within their limits. This rule has been recognized by the federal courts where it does not conflict with the power of Congress to regulate commerce. *Paul v. Virginia,* 8 Wall. 168. But, where the effect is to restrain or obstruct commerce among the states, it cannot be applied; the federal decisions, for which we must look for a construction of the Constitution, holding that it is the right of persons residing in one state to contract and sell their commodities in another, unrestrained, except where restraint is justified under the police power, by states or by act of Congress, and that this right extends to corporations. *Paul v. Virginia,* 8 Wall. 168; *Brown v.*

*Maryland,* 12 Wheat. 419; *Welton v. Missouri,* 91 U. S. 275; *Pensacola Tel. Co. v. W. U. Tel. Co.,* 96 Id. 1; *Webber v. Virginia,* 103 Id. 344; *Manufacturing Co. v. Ferguson,* 113 Id. 727; *Mining & Milling Co. v. Pennsylvania,* 125 Id. 181; *Bowman v. Railway Co.,* 125 Id. 465; *Moran v. New Orleans,* 112 Id. 69; *Pickard v. Car Co.,* 117 Id. 34; *Robbins v. Taxing District,* 120 Id. 489; *Leloup v. Port of Mobile,* 127 Id. 640; *Fargo v. Michigan,* 121 Id. 230; *Steamship Co. v. Pennsylvania,* 122 Id. 326; *Car Co. v. Pennsylvania,* 141 Id. 18; *Brennan v. Titusville,* 153 Id. 289.

The law in question imposes a tax upon corporations for the privilege of doing business in Michigan. It is a tax upon the occupation of the corporation, with a provision that all its contracts shall be void until the tax is paid, which, if enforced, would embarrass plaintiff in its commerce with inhabitants of Michigan. It must therefore be held that the act in question does not apply to foreign corporations whose business within this State consists merely of selling through itinerant agents, and delivering, commodities manufactured outside of this State.

The judgment of the circuit court will be affirmed.

The other Justices concurred.