SUCKER STATE DRILL CO., A FOREIGN CORPORATION, V. A. J. WIRTZ AND CHAS. H. WIRTZ, PARTNERS AS WIRTZ BROS.

Opinion filed March 18, 1908.

**Commerce — Subjects of Regulation — Storage of Goods to be Sold on Commission.**

1. Plaintiff, a foreign corporation, brought this action to recover the purchase price of certain drills sold and delivered by it to defendants. The defense interposed is that plaintiff has not complied with the law of this state, being sections 4695-4699, Rev. Codes 1905, prescribing the conditions upon which such corporations may do business within our borders; it being admitted by plaintiff that it has not complied with such law.

**Same.**

2. Evidence examined, and it is *held* that plaintiff did not violate such statute, as in its dealings with defendant out of which its cause of action accrued it was engaged in transacting or doing an interstate, as contradistinguished from an intrastate, business.

**Foreign Corporations — Compliance with Requirements — Interstate Commerce.**

3. The statute aforesaid cannot apply, nor was it intended that it should apply, to foreign corporations while engaged solely in transacting an interstate business. It will be presumed that in the enactment of such statute the legislature did not intend in any manner to interfere with the exclusive power vested in the congress of the United States to regulate or restrict the business of interstate commerce.

**Same.**

4. A portion of the drills sold to defendants were in store at Grand Forks, and were shipped directly to defendants from that place, but it is *held,* for reasons stated in the opinion, that this shipment did not constitute the transacting or doing business within the state in violation of said statute.

**Contracts — Evidence.**

5. Certain evidence as to prior, but wholly independent contracts and transactions of plaintiff with other citizens of the state claimed to have been violations of such statute, is held irrelevant.

Appeal from District Court, Benson County; *Burke,* J.

Action by the Sucker State Drill Company against Wirtz Bros. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Scott Rex,* for appellants.

A contract by a foreign corporation doing business in this state in violation of law is void. United States Rubber Co. v. Butler Bros. Shoe Co., 132 Fed. 398; MacNaughton Co. v. McGirl, 49 Pac. 651; Sherman Nursery Co. v. Aughenbaugh, 100 N. W. 1101; Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 Fed. 239; Heilman Brg. Co. v. Peimeisl, 88 N. W. 441; Commonwealth v. Parlin & Orendorff Co., 80 S. W. 791; Fay Fruit Co. v. McKinney, 77 S. W. 160; People v. Wemple, 29 N. E. 1002; New York v. Roberts, 171 U. S. 664; 43 L. Ed. 323; Seamans v. Temple Co., 63 N. W. 408; Kent & Stanley Co. v. Tuttle, 50 Pac. 559; Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, 47 L. Ed. 328; Ashland Lbr. Co. v. Detroit Salt Co., 89 N. W. 904.

*C. W. Buttz,* (*H. L. Halvorson* and *O. D. Comstock,* of counsel) attorney for respondent.

Where a travelling salesman takes an order for goods, submits it for approval to his principals, in another state, who ship pursuant thereto, it is interstate commerce. Mershon v. Pottsville Lumber Co., 40 Atl. 1019; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 28 L. Ed. 1137, 5 Sup. Ct. 739; Robbins v. Taxing Dist. Selby Co., 120 U. S. 489, 30 L. Ed. 694, 7 Sup. Ct. 592; Brennan v. City of Titusville, 153 U. S. 289, 14 Sup. Ct. 829; Milan Milling Co. v. Gorton, 27 S. W. 971, 26 L. R. A. 135; Keating Imp. Co. v. Carriage Co., 35 S. W. 417; Allen v. Tyson-Jones Buggy Co., 40 S. W. 393.

It is lawful to make contracts to carry on commerce between states. Cooper Mfg. Co. v. Ferguson, supra; Coit v. Sutton, 60 N. W. 690; 25 L. R. A. 819; Belle City Mfg. Co. v. Frizzell, 81 Pac. 58; Gun v. White Sewing Machine Co., 20 S. W. 591, 18 L. R. A. 206; Re A. Spain, 47 Fed. 208, 14 L. R. A. 97; Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611; Hart v. Machine Co., 17 So. 769; United States v. Telephone Co., 29 Fed. 17; Cordage Co. v. Mosher, 72 N. W. 117; Rubber Co. v. Butler Bros., 132 Fed. 398; Oakland Sugar Mill Co. v. Wolf Co., 118 Fed. 229; Fay Fruit Co. v. McKinney, 77 S. W. 106; Commonwealth v. Parlin & Ordendorf Co., 80 S. W. 791; Com. v. Hogan, 74 S. W. 737.

An agent of a corporation cannot deny its right to do business in the state, in a suit against him for goods sold. U. S. Express

Co. v. Lucas, 36 Ind. 361; In Hovey's Estate, 48 Atl. 311; Penn. Mutual Life Ins. Co. v. Bradley, 37 N. E. 569; Prudential Co. v. Cushman, 106 N. W. 934; De La Vergne, etc., v. Kolischer, 63 Atl. 971; Spinney v. Miller, 86 N. W. 317; Washburn Mill Co. v. Bartlett, 54 N. W. 544, 3 N. D. 138; Wright v. Lee, 51 N. W. 706.

A foreign corporation may sell in the domestic state by commission merchants or by factors and agents. People v. Roberts, 40 N. Y. Sup. 417; People ex rel. Soda Fount. Co. v. Roberts, 51 N. Y. Sup. 487; Bertha Zinc and Mineral Co. v. Clute, et al., 27 N. Y. Sup. 342.

FISK, J. The plaintiff, a foreign corporation, with its place of business and only office at Belleville, in the state of Illinois, brought this action in the district court of Benson county to recover a balance due as the purchase price of certain drills theretofore sold and delivered by it to defendants. Plaintiff recovered in the court below, and the sole question raised on this appeal involves the validity of the contract under which the drills were sold; it being appellants' contention that such contract is void because plaintiff had not complied with the laws of this state prescribing the conditions upon which foreign corporations may do business within its borders. This contention is based upon sections 4695 to 4699 of our Civil Code of 1905. Section 4695 provides: "No foreign corporation * * * shall transact any business within this state or acquire, hold, or dispose of any property, real or personal within this state until such corporation shall have filed in the office of the secretary of state a duly authenticated copy of its charter or articles of incorporation, and shall have complied with the provisions of this chapter. * * * *" Section 4697 requires such foreign corporation before doing business in this state to file a power. of attorney in the office of the secretary of state, constituting such officer its attorney, upon whom process may be served with the same force and effect as if served personally upon the corporation in this state. Section 4699 declares that "every contract made by or on behalf of any corporation * * * doing business in this state without first having complied with the provisions * * * of sections 4695 and 4697 * * * shall be wholly void on behalf of such corporation. * *" It is an admitted fact in the case that plaintiff was an Illinois corporation, and that it never complied with section 4697, above referred to.

The vital inquiry, therefore, is whether plaintiff was legally bound to comply with said statute before entering into or complying with the contract, pursuant to the terms of which the drills were sold and delivered. In other words, did the nature of plaintiff's dealings with defendant constitute the "transacting" or "doing" business in this state within the meaning of sections 4695 and 4699 aforesaid? Appellants' counsel contend that in answering this question we should take into consideration other contracts entered into and transactions had between respondent and appellants, as well as third persons, in previous years. Testimony as to such other contracts and dealings was received in evidence over appellants' objection, but these rulings were thereafter completely nullified by the trial court by an instruction to the jury at the close of the testimony to wholly disregard the defense of the illegality of the contract. We think this testimony should have been excluded. It related wholly to independent contracts and transactions in no manner connected with the contract or transaction alleged in the complaint, and for this reason it had no relevancy to the defense relied upon; and whether plaintiff violated such statute upon such prior occasions is therefore wholly immaterial to the present inquiry. Conceding all that appellants' counsel claims as to the nature of these prior transactions (which we are inclined to think is an unwarranted concession under the facts), how can it be legitimately asserted that the statute aforesaid may be invoked to nullify an entirely separate and independent contract entered into by the foreign corporation at a later date? If such latter contract, because it relates only to interstate transactions and is therefore within the protection of the federal constitution, or if for any other reason it does not fall within the inhibition of the state statute above cited, is it not valid and enforceable, regardless of prior relations of such statute by plaintiff? Clearly yes. If this were not so, then the mere fact that plaintiff at some time in the past has violated this statute would forever thereafter preclude it from enforcing perfectly valid contracts made by it with citizens of this state, even though the same relate to transactions involving interstate commerce. If such is to be the construction of the sections above quoted, then they are clearly unconstitutional and void as an unlawful interference with, and a restriction upon, interstate commerce. We think such construction is not permissible. The recent case of Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 Fed. 1, decided by the Circuit Court

of Appeals, Eighth Circuit, is directly in point, and fully answers appellants' contention in the case at bar. The opinion by Sanborn, Circuit Judge, is very exhaustive of the subjects treated, and a great many state and federal authorities are there cited and quoted from. We fully agree with the reasoning and conclusions arrived at in that case upon the question here under consideration. A statute of Colorado very similar to the above statute of this state was there held to apply only to foreign corporations when doing an intrastate, as distinguished from an interstate, business. That it will be presumed that such merely was the legislative intent in the enactment of the statute; for otherwise the law would constitute an unlawful attempt to interfere with the exclusive power of congress to regulate the business of interstate commerce. See, also, Hart-Parr Co. v. Robb-Lawrence Co., 15 N. D. 55, 106 N. W. 406, and cases cited; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Coit v. Sutton, 102 Mich. 324, 60 N. W. 690, 25 L. R. A. 819; Rock Island Plow Co. v. Peterson, 73 Minn. 356, 101 N. W. 616; Belle City Mfg. Co. v. Frizzell, 11 Idaho 1, 81 Pac. 58; Hart v. Machine Co., 72 Miss. 809, 17 So. 769; U. S. v. Telephone Co. (C. C.) 29 Fed. 17; Cordage Co. v. Mosher, 114 Mich. 64, 72 N. W. 117.

We come, now, to a consideration of the transaction in suit. Did respondent violate the state statute above cited by "transacting" or "doing" business within the state within the meaning of such statute, or was such business merely interstate commerce? This is the crucial test. Appellant's assumption that, even if the transaction in question constituted interstate commerce, the statute would bar plaintiff's recovery, is clearly untenable, as the above authorities clearly demonstrate. Plaintiff's cause of action arose out of a written contract, the substance of which is that plaintiff for a stipulated consideration sold to defendants the drills in question, together with certain repairs, one carload to be delivered f. o. b. Grand Forks, N. D., and one car f. o. b. Minneapolis, Minn. The goods were subsequently delivered pursuant to the contract. With the exception of the carload shipment from Grand Forks, it is not seriously contended, and, indeed, could not be, that the transaction in question was other than interstate commerce. The contract constituted a sale, and not a bailment of the goods, but this fact is immaterial. Butler Shoe Co. v. U. S. Rubber Co., supra, and cases cited. Did this single shipment from Grand Forks, or, in other

words, the delivery of this carload of drills f. o. b. Grand Forks, constitute "doing business in this state," within the meaning of said statute? We think not. This car load of machinery was in store at Grand Forks pursuant to a commission contract previously entered into by plaintiff with one Collins at said place, and the same was the lawful subject of interstate commerce while in store at said place, and plaintiff had the undoubted right to transfer its situs to any other place, either for storage or sale, or to sell and deliver the same at Grand Forks, as it did. It would be unreasonable to hold that it must first be shipped out of the state before making a sale thereof to appellants, yet this is the logical effect of appellants' argument. The case of Hart-Parr Co. v. Robb-Lawrence Co., 15 N. D. 55, 106 N. W. 406, is an express authority to the effect that, by the storage of these drills at Grand Forks, plaintiff in no manner violated the law against "transacting," or "doing," business without a compliance with the statute aforesaid. See, also, Keating Imp. & Machine Co. v. Carriage Co., 12 Texas Civ. App. 666, 35 S. W. 417; Mearshon v. Lumber Co., 187 Pa. 12, 40 Atl. 1019, 67 Am. St. Rep. 560; Allen v. Tyson-Jones Buggy Co., 91 Texas, 22, 40 S. W. 393; Caldwell v. North Carolina, 187 U. S. 622, 23 Sup. Ct. 229, 47 L. Ed. 336. In Keating Imp. & Mach. Co. v. Carriage Co., supra, the plaintiff, an Ohio corporation, sold to a Texas firm a lot of wheeled vehicles on credit. Subsequently the Texas firm became insolvent, and the vehicles were returned to plaintiff at Ft. Worth, Tex. Plaintiff, having accepted the return of such vehicles, subsequently placed them in the hands of such insolvent firm for sale on commission, and they were attached by appellant as the property of such insolvent firm. The sole defense was the same as that in the case at bar, and in holding that plaintiff corporation was engaged in an interstate commerce business, and therefore not bound to comply with the Texas statute relative to the doing of business by a foreign corporation in that state, the court said: "It is clear that it was engaged in that business (interstate commerce business), and that the single transaction in question was but an incident thereof. It seems to be conceded that it had the right to take the vehicles back in self-protection, but it is insisted they should have been reshipped to Ohio, and not sold here. Such requirement would seem to be unreasonable. In many instances the character of the goods, the freight rates, and the difference in the markets would practically forbid such reshipment. It would tend to

interfere with the freedom of interstate traffic, which can only be regulated by Congress." The above authorities fully support the rule that the shipment of goods into this state by a foreign corporation for storage and sale on commission is an interstate transaction; and hence such foreign corporation in so doing is not amenable to the laws of this state above referred to.

We have no hesitancy in holding, as we do, that the contract in this case was valid and is enforceable, and that under the facts disclosed in the record the trial court properly denied defendants' motion for a directed verdict. The judgment appealed from is accordingly affirmed. All concur.