NATIONAL MERCANTILE CO., Limited, v. WATSON, Corporation Com'r, et al.

(District Court, D. Oregon. July 27, 1914.)

No. 6372.

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—WHAT CONSTITUTES DOING BUSINESS.

Where a Canadian corporation, engaged in loaning money, had an agent residing in Oregon, and applications for loans made to him were forwarded to the company for approval, and, on approval of an application, an undertaking agreeing to pay to the agent the amount of the loan in consideration of monthly payments was issued to the agent, who assigned the same to the prospective borrower, the loan being secured by mortgage on Oregon real estate, the corporation was doing business in Oregon.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

2. CORPORATIONS (§ 648*)—FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS.

L. O. L. Or. § 6727, requires foreign corporations to file with the Secretary of State a copy of the charter certified to by the legal keeper of the original, together with a certificate of a United States diplomatic or consular officer in such foreign country that such certifying officer has the requisite official knowledge whether such charter or articles of incorporation are of a genuine, valid, and subsisting character, and that such copy is duly certified by the officer having the legal custody of the orig-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inal. A Canadian corporation doing business in Oregon had the certificate of the registrar of joint-stock companies that the copy of the article of association was a true copy of the original in the registrar's office, also the certificate of the provincial secretary of British Columbia that the registrar was the duly appointed officer, and that the signature and seal attached to his certificate were his signature and seal, and that said registrar had the legal custody of the original document, and also a certificate of the United States consul general at Vancouver, B. C., that the registrar was the duly appointed and commissioned registrar of joint-stock companies for the province of British Columbia, and that to all his official acts full faith and credit were due and given. *Held*, that the corporation was not entitled to do business; there being no certificate that the registrar had requisite official knowledge whether the articles were of a genuine, valid, and subsisting character.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2516; Dec. Dig. § 648.*]

3. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—RIGHT TO SUE.
     A foreign corporation unauthorized to do business in Oregon, because of failure to file the certificate required by L. O. L. Or. § 6727, is not entitled to sue in the federal court for the district of Oregon.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542, 2543, 2544, 2546, 2563–2567; Dec. Dig. § 661.*]

In Equity. Suit by the National Mercantile Company, Limited, against R. A. Watson, as Corporation Commissioner, and others. Judgment for defendants.

Wilson, Neal & Rossman, of Portland, Or., for plaintiff.

Martin L. Pipes, John M. Pipes, and George A. Pipes, all of Portland, Or., for defendant Watson.

A. M. Crawford, of Salem, Or., and Walter H. Evans and Arthur A. Murphy, both of Portland, Or., for all other defendants.

Before GILBERT, Circuit Judge, and WOLVERTON and BEAN, District Judges.

WOLVERTON, District Judge. The chief purpose of this suit is to have declared void and inoperative an act of the legislative assembly of the state of Oregon entitled "An act to protect purchasers of stocks and bonds and prevent fraud in the sale thereof; to create a corporation department," etc., approved February 28, 1913 (Laws 1913, p. 668), and commonly known as the "Blue Sky Law."

The complainant is a British Columbia corporation, with its principal place of business at Vancouver, and claims to be doing a loaning business upon real estate mortgage security. It has a general·agent, A. D. Baker, residing in Portland, Or. Applications for loans are made to him, and he forwards them to the company for approval. When approved, the company issues to Baker an undertaking, under seal, agreeing, in consideration of the payment of one-hundredth of the loan each month, to pay to said Baker the amount of the desired·loan as soon as the loan fund of the company contains a sufficient amount of money to make up the said loan. The undertaking being assignable, Baker at once assigns the same to the prospective borrower, who thereupon makes his payments to Baker, or to the company, at his option. The loans so made or·agreed to be made are secured by mortgages

upon real property in Oregon. Baker attends to securing the mortgages, and, when executed, forwards them to the company, and also collects and forwards to the company the monthly installments as they become due and payable.

[1] The question is presented primarily whether, under this state of facts, the complainant is doing business within the state of Oregon. The answer is obvious. Practically the entire business of the company relating to loans within the state is transacted by Baker, the general agent, residing at Portland. He solicits the loans, takes applications, collects the first payment, together with all installments, attends to taking the mortgages, and forwards all to the company at its home office. From the home office is issued the obligation, to Baker, which he assigns to the borrower at Portland. The business does not consist of the securing of one loan only, or of a limited number, but of continuous and numerous transactions of the kind, with numerous persons, and cannot be other than a carrying on of the business, and that within the state.

Being engaged in business within the state, the defendants, by plea in abatement, challenge complainant's right properly so to continue in business or to maintain this suit on the ground that a copy of its charter or articles of incorporation has not been properly certified. The objection consists in the fact that the certificate of the consul general of the United States residing at Vancouver, B. C., fails to state that the certifying officer (that is, the legal keeper of the original charter or articles of incorporation) has the requisite knowledge as to whether such charter or articles of incorporation is of a genuine, valid, and subsisting character.

[2, 3] The statute of Oregon (section 6727, Lord's Oregon Laws) requires that every foreign corporation shall, before transacting business in the state, file with the Secretary of State a written declaration of its desire and purpose to engage in business within the state, which declaration shall, among other things, be accompanied by a certified copy of the charter or articles of incorporation of the company, certified to by the legal keeper of the original, together with a certificate of a United States ambassador, minister, consul general, vice consul, or charge d'affaires in such foreign country, "that such certifying officer has the requisite official knowledge as to whether such charter or articles of incorporation are of a genuine, valid, and subsisting character, and that such copy is duly certified by the officer having the legal custody of the original."

The company has the certificate of the registrar of joint-stock companies to the effect that the annexed copy of the articles of association is a true and correct copy of the original filed in the registrar's office; also the certificate of the provincial secretary of British Columbia to the effect that the registrar is the duly appointed officer, and that the signature and seal attached to his certificate are his signature and seal, and that said registrar has the legal custody of the original document; and also a certificate of the consul general of the United States residing at Vancouver, B. C., to the effect that the registrar is the duly appointed and commissioned registrar of joint-

stock companies for the province of British Columbia, and that to all his official acts full faith and credit are due and given. This officer does not, however, certify, as required by the statute of Oregon, that the registrar has requisite official knowledge "as to whether such charter or articles of incorporation are of a genuine, valid, and subsisting character."

This leaves the credentials for obtaining a certificate or license for engaging in business in this state, as we think, fatally defective, and for that reason the complainant can have no proper or legal standing for doing or transacting business within the state. Not being authorized to do business within the state, it follows irresistibly that it has no legal standing for maintaining a suit here, and it has been so held in this jurisdiction. Cyclone Mining Co. v. Baker Light & Power Co. (C. C.) 165 Fed. 996; La Moine Lumber & Trading Co. v. Kesterson (C. C.) 171 Fed. 980. It is further maintained, under the plea in abatement, that the complainant has failed to pay or offer to pay the annual license fee of $100, as required by an act of the legislative assembly of the state, approved March 4, 1913. Session Laws 1913, p. 772. This statute requires that every foreign corporation shall, between July 1st and August 15th of each year, pay in advance to the corporation department an annual license fee of $100. And this objection is also perhaps well assigned.

Again, it is urged that the complainant is engaged in a lottery business. While we are not assured that the business carried on can be so characterized, yet, from a cursory examination of the scheme under which the company makes its supposed loans and prosecutes its project, we are not at all persuaded that it is not engaged in a fraudulent business.

But for the fatality in the consul general's certificate, as heretofore indicated, the suit ought to abate, and such will be the order of the court.