### COOPER et al. v. E. L. WELCH CO.

(District Court, D. North Dakota. December 5, 1914.)

CORPORATIONS (§ 665*) — FOREIGN CORPORATIONS — ACTION — JURISDICTION — STATUTES—REGULATION—SERVICE OF PROCESS.

Laws N. D. 1897, c. 54, as amended by Laws N. D. 1903, c. 56, in so far as it attempts to regulate the business of foreign corporations and individuals engaged in interstate commerce in North Dakota, is void, so that, where a Minnesota corporation did no business in North Dakota, except to solicit orders for grain there to be shipped to it at its place of business in Minnesota, the statute had no valid application to it, and it could therefore not be legally sued in North Dakota, though it had in fact attempted to comply with the law by filing in the office of the secretary of state a power of attorney appointing that officer its attorney to accept service of process in all actions against it within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2573, 2595–2600; Dec. Dig. § 665.*]

At Law. Action by W. T. Cooper and others against the E. L. Welch Company, a Minnesota corporation. On motion by defendant to quash the service. Granted.

John E. Greene, of Minot, N. D., for plaintiffs.
W. F. Doherty, of Minot, N. D., for defendant.

AMIDON, District Judge. This cause came duly on to be heard upon the motion of defendant to quash the service of process herein upon the defendant, and dismiss the cause, and was argued by counsel for the respective parties; John E. Greene appearing for plaintiffs, and W. F. Doherty, of Minot, N. D., appearing for the defendant.

I think the motion must be granted. In so far as chapter 54 of the

Laws of 1897, as amended by chapter 56 of the Laws of 1903, attempts · to regulate the business of corporations and individuals engaged in interstate commerce, it is void. It was conceded upon the argument, and clearly shown by the evidence, that the defendant is engaged in no local business in North Dakota. It has no place of business there. Its only business in the state consists in soliciting orders for grain to be shipped to it at its place of business in Minnesota. Its business is, therefore, exempt from the provisions of the statute above referred to, and falls exclusively within the jurisdiction of Congress; and in so far as the statute attempts to regulate such business, it is void under numerous decisions of the Supreme Court of the United States. The same construction has been applied to a kindred statute· by the Supreme Court of the state of North Dakota in the case of Sucker State Drill Co. v. Wirtz, 17 N. D. 313, 115 N. W. 844, 18 L. R. A. (N. S.) 134. The foregoing was conceded at the argument of the motion.

It was sought to support the jurisdiction of the court, however, upon the fact that the defendant filed with the secretary of state a power of attorney appointing that officer its attorney for service of process in all actions against the company in the state. Since the argument, counsel for plaintiffs have presented to the court a certified copy of the power of attorney. It appears that the instrument was executed in purported compliance with the provisions of the state statute above referred to. The provisions of the statute requiring the filing of a power of attorney, as part of its scheme, must fall with the other provisions of the statute, in so far as it relates to citizens doing interstate commerce business.

It was further sought to support the jurisdiction upon the ground that the general statute of North Dakota requires foreign corporations doing business within the state to file such a power of attorney appointing the secretary of state its agent for the service of process. Upon the showing made that the defendant's business is confined· exclusively to interstate commerce business, I do not think it falls within the purview of the general statute requiring foreign corporations to file a power of attorney. This was the holding of the Supreme Court of the state in the case of Sucker State Drill Co. v. Wirtz, 17 N. D. 313, 115 N. W. 844, 18 L. R. A. (N. S.) 134. I do not think, therefore, that the instrument filed with the secretary of state can in any view make the defendant subject to the service of process in this state.

It is therefore ordered that the motion be and the same is hereby granted, and service of process upon the defendant is hereby quashed and the action dismissed.

NOTE.—See Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. Ed. ——, handed down after above opinion was filed.